IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY | : | CASE NO. |
| 15990 N. Greenway Hayden Loop Suite D-160 | : | Judge |
| Scottsdale, Arizona 85260 | : | |
| Plaintiff | : | |
| v. | : | |
| FOX VALLEY CONSTRUCTION GROUP, INC., a corporation | : | |
| 1061 N. Raddant Road Batavia, Illinois 60510 | : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| and | : | |
| SECOR VILLAGE NORTH LLC, a limited liability corporation | : | |
| 3554 Secor Road Toledo, Ohio 43606 | : | |
| and | : | |
| DORR STREET PLAZA, LLC, a limited liability corporation | : | |
| 3440 Secor Road Toledo, Ohio 43606 | : | |
| Defendants | : | |

Plaintiff, Ategrity Specialty Insurance Company ("Ategrity"), through its undersigned counsel, and for its Complaint for Declaratory Judgment against the Defendants, Fox Valley Construction Group Inc. ("Fox Valley"), Secor Village North LLC ("Secor") and Dorr Street Plaza LLC ("Dorr Street"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201 *et seq*. and Fed. R. Civ. P. 57, seeking a determination as to the rights and obligations of the parties under a commercial general liability policy issued by Ategrity to Fox Valley.

2. In this action, Ategrity seeks a declaration from this Court that the policy it issued to Fox Valley (the "Policy") does not apply to provide coverage for an underlying faulty workmanship/construction defect lawsuit filed against Fox Valley by Secor and Dorr Street in Ohio state court (the "Underlying Action").

## THE PARTIES

3. Ategrity is a corporation organized under the laws of the state of Delaware with its principal place of business in Scottsdale, Arizona.

4. Fox Valley is a corporation organized in Illinois with its principal place of business in Batavia, Illinois.

5. At all relevant times, Secor was and is a limited liability company organized in Ohio with its principal place of business in Toledo, Ohio. Secor's Statutory Agent is Jon Roumaya, 3440 Secor Road, Toledo, Ohio. On information and belief, Secor's members are all citizens of Ohio.

6. At all relevant times, Dorr Street was and is a limited liability company organized in Ohio with its principal place of business in Toledo, Ohio. Dorr Street's Statutory Agent is Hussein Ahmad, c/o Dollar Dollar Plus, 1341 Dorr Street, Toledo, Ohio. On information and belief, Dorr Street's members are all citizens of Ohio.

7. Secor and Dorr Street are named herein as nominal defendants in order to allow complete relief to be afforded to all who may be impacted by this action.

## VENUE AND JURISDICTION

8. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2) because Ategrity is a citizen of Arizona and none of the defendants reside in that state.

9. In addition, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. As described more fully herein, in the Underlying Action, Secor seeks to recover not less than $510,000.00 and Dorr Street seeks to recover not less than $380,000.00. As such, Ategrity's potential exposure for the Underlying Action is at least $890,000.00.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Secor and Dorr Street are both residents of this District and as the Underlying Action is pending in the Common Pleas Court of Lucas County, which is within this District.

11. An actual controversy exists between the parties pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201. Such controversy is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to warrant judicial relief.

12. Pursuant to the Federal Declaratory Judgement statute, this Court has jurisdiction and is authorized to render a declaratory judgment as to the rights and duties of the parties to a written contract, including Ategrity's rights and duties under the Policy.

13. There exists a justiciable controversy between Ategrity and the Defendants as to whether Ategrity is obligated to provide a defense and/or indemnity to Fox Valley for the Underlying Action. That controversy will be resolved by the issuance of a declaratory judgment as prayed for herein.

## THE UNDERLYING ACTION

14. On or about January 17, 2023, Secor filed a lawsuit against "Fox Valley Contractors" and others in the Common Pleas Court of Lucas County, Ohio.

15. On or about January 19, 2023, Dorr Street filed a lawsuit against "Fox Valley Contractors" and others in the Common Pleas Court of Lucas County, Ohio.

16. On or about March 8, 2023, the lawsuits referenced in Paragraphs 14 and 15, above, were consolidated into the Underlying Action, which is pending in the Common Pleas Court of

Lucas County, Ohio, under Case No. G-4801-CI-0202301256-000. **A copy of the Amended Complaint in the Underlying Action is annexed hereto as Exhibit A.**

17. On or about December 21, 2023, the court in the Underlying Action issued an order substituting Fox Valley for "Fox Valley Contractors," based on Fox Valley's attorney's own representation that Fox Valley, and not "Fox Valley Contractors" was the only entity with potential liability.

18. In the Underlying Action, Secor and Dorr Street allege that they hired Fox Valley to install a stone veneer on the exterior of their respectively-owned 5-story hotels in Toledo, Ohio, pursuant to written contracts.

19. The written contracts Secor and Dorr Street rely upon in the Underlying Action state that the contracting party was "Fox Valley Co."

20. Secor and Dorr Street contend that Fox Valley was hired to install stone veneer at neighboring Toledo, Ohio properties from November 2018 to April 2019.

21. In the Underlying Action, Secor and Dorr Street contend that Fox Valley performed the stone veneer work and completed such work in April 2019.

22. Secor and Dorr Street further allege that Fox Valley's work failed beginning in July 2019 due to improper storage of materials during construction and improper installation technique, resulting in stone veneers falling from the surface of the Toledo, Ohio buildings.

23. As a result of the purportedly defective workmanship, Secor and Dorr Street allege the following causes of action against Fox Valley: (1) breach of contract (poor workmanship and failure to correct); and (2) failure of duty to perform services in a workmanlike manner.

24. The measure of damages sought in the Underlying Action is the cost Secor and Dorr Street paid Fox Valley to perform the work; $384,400.00 and $510,660.00, respectively.

25. In the Amended Complaint, neither Secor nor Dorr Street allege that any property has been damaged, aside from Fox Valley's own faulty work which needs to be repaired and/or replaced.

## THE POLICY

26. Ategrity issued Policy No. 01-B-GL-P00000228-0 to Fox Valley for the period April 4, 2019 to April 4, 2020. **A copy of the Policy is annexed hereto as Exhibit B.**

27. The Policy has a liability limit of $1,000,000 each occurrence and $2,000,000 general aggregate.

28. The Policy includes the following applicable insuring agreement, in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for "damages" is limited as described in Section III - Limits of Insurance; and

        (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This insurance applies to "bodily injury" and property damage" only if:

  (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2) The "bodily injury" or "property damage" occurs during the policy period…

29. The Policy includes the following definitions:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Property Damage" means:

(a) Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(b) Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it…

30. The Policy includes the following Exclusions:

l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

31. The Policy includes the following Condition, in relevant part:

Duties in the Event of Occurrence, Offense, Claim or Suit

    d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

32. The Policy includes the following Condition, in relevant part:

Other Insurance

(1) This insurance is excess over:

    (b)    Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

(2) When this insurance is excess, we will have no duty under Coverages A. or B. to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

## COVERAGE DECLINATION

33. On January 23, 2024, Ategrity was notified of the Underlying Action by counsel for Fox Valley who sought coverage under the Policy on Fox Valley's behalf.

34. By way of a letter dated February 5, 2024, Ategrity disclaimed coverage to Fox Valley based on the fact that the allegations made in the Underlying Action did not constitute "property damage" caused by an "occurrence" as those terms are defined by the Policy (the "Disclaimer") **A copy of the Disclaimer is annexed hereto as Exhibit C.**

35. The Disclaimer asserted several grounds for further denying coverage to Fox Valley for the Underlying Action, including the Policy's Damage to Your Work and Impaired Property exclusions.[1]

---

[1] The Disclaimer additionally denied coverage under several other policies issued for subsequent policy years, based on an exclusion for continuing or ongoing damage. On information and belief, Fox Valley does not challenge the coverage position with respect to these latter policies and therefore they are not addressed in this complaint. Ategrity reserves the right to amend this complaint to the extent Fox Valley may be seeking coverage under any other Ategrity Policy other than the one discussed herein.

36. After the Disclaimer was issued, counsel for Fox Valley objected to the coverage position and argued that Fox Valley was entitled to a defense under the Policy based on Illinois law.

37. However, it is Ohio law that governs the availability of insurance coverage under the Policy for the Underlying Action, as the Underlying Action is pending in Ohio, involves a project that took place exclusively in Ohio, and an insured that performs work nationwide.

## Count I
## Declaratory Judgment: Insuring Agreement

38. Ategrity repeats and incorporates the foregoing paragraphs as if fully set forth herein.

39. The Policy only provides coverage to Fox Valley for claims alleging "property damage" caused by an "occurrence."

40. Faulty workmanship is not "property damage" under Ohio law.

41. Faulty workmanship is not an "occurrence" under Ohio law.

42. In the Underlying Action, Secor and Dorr Street allege only that Fox Valley performed its stone veneer work incorrectly, and that such faulty work has resulted in stones falling from the side of the buildings.

43. In the Underlying Action, neither Secor nor Dorr Street allege that any person has been injured or that any third-party property damage was caused by Fox Valley's work.

44. In the Underlying Action, Secor and Dorr Street seek to recover the contract price they purport to have paid to Fox Valley to perform the work.

45. Consequently, the Underlying Action does not trigger coverage under the Policy insuring agreement.

46. Based on the insuring agreement, Ategrity respectfully requests that this Court determine and declare that the Policy does not provide coverage for the Underlying Action.

47. Based on the insuring agreement, Ategrity respectfully requests that this Court determine and declare that it does not owe a defense to Fox Valley for the Underlying Action.

48. Based on the insuring agreement, Ategrity respectfully requests that this Court determine and declare that it does not owe indemnity to Fox Valley for the Underlying Action.

## Count II
## Declaratory Judgment: Damage to Your Work Exclusion

49. Ategrity repeats and incorporates the foregoing paragraphs as if fully set forth herein.

50. The Policy contains a Damage to Your Work exclusion which precludes coverage for any claim for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

51. Based on the Damage to Your Work exclusion, there is no coverage available to Fox Valley for the Underlying Action.

52. The exception to the Damage to Your Work exclusion does not apply to the extent that the damages sought in the Underlying Action arise from Fox Valley's own work, and not that of any subcontractor.

53. Based on the Damage to Your Work exclusion, Ategrity respectfully requests that this Court determine and declare that the Policy does not provide coverage for the Underlying Action.

54. Based on the Damage to Your Work exclusion, Ategrity respectfully requests that this Court determine and declare that it does not owe a defense to Fox Valley for the Underlying Action.

55. Based on the Damage to Your Work exclusion, Ategrity respectfully requests that this Court determine and declare that it does not owe indemnity to Fox Valley for the Underlying Action.

## Count III
### Declaratory Judgment: Cooperation Provision

56. Ategrity repeats and incorporates the foregoing paragraphs as if fully set forth herein.

57. The Policy contains a Condition which prohibits an insured from assuming any obligation or incurring any expenses without Ategrity's prior consent.

58. Fox Valley is the named insured on the Policy.

59. Fox Valley was not an original defendant in the Underlying Action.

60. "Fox Valley Contractors, LLC" is the party originally named as a defendant in the Underlying Action.

61. "Fox Valley Contractors, LLC" is not an insured on the Policy.

62. Fox Valley and Fox Valley Contractors LLC are separate companies.

63. Fox Valley violated the cooperation Condition in the Policy when it voluntarily asked to be named as a defendant to the Underlying Action in lieu of Fox Valley Contractors LLC, without Ategrity's prior written knowledge or consent.

64. Fox Valley volunteered itself as a defendant in the Underlying Action prior to notifying Ategrity of the Underlying Action.

65. Fox Valley materially breached the cooperation Condition and, as such, has forfeited all rights under the Policy.

66. Based on Fox Valley's breach of the cooperation Condition, Ategrity respectfully requests that this Court determine and declare that the Policy does not provide coverage for the Underlying Action.

67. Based on Fox Valley's breach of the cooperation Condition, Ategrity respectfully requests that this Court determine and declare that it does not owe a defense to Fox Valley for the Underlying Action.

68. Based on Fox Valley's breach of the cooperation Condition, Ategrity respectfully requests that this Court determine and declare that it does not owe indemnity to Fox Valley for the Underlying Action.

## Count IV
## Declaratory Judgment: Other Insurance

69. Ategrity repeats and incorporates the foregoing paragraphs as if fully set forth herein.

70. The Policy contains an Other Insurance provision that states that the Policy is excess over any insurance that might be available to Fox Valley as an additional insured.

71. The Policy contains an Other Insurance provision that states that Ategrity has no duty to defend where another insurer owes a duty to defend Fox Valley as an additional insured.

72. On information and belief, Fox Valley is entitled to coverage as an additional insured from one or more subcontractors.

73. Consequently, Ategrity respectfully requests that this Court determine and declare that it does not owe any duty to defend Fox Valley with respect to the Underlying Action.

**WHEREFORE**, Ategrity respectfully requests that this Court enter an Order stating:

A. That the Policy does not provide coverage for any and all claims asserted against Fox Valley by any party in the Underlying Action;

B. That Ategrity does not owe any duty to defend or indemnify Fox Valley with respect to the Underlying Action; and

C. Such other relief as this Court deems just and appropriate.

Dated:

Respectfully submitted,

*/s/Thomas B. Bruns*
Thomas B. Bruns (0051212)
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
Phone: 513-312-9890
Fax:     513-800-1263
tbruns@bcvalaw.com


**KENNEDYS CMK LLP**


By: _____
Laura B. Dowgin, Esq. *(Pro Hac Vice to be submitted)*
**Attorneys for Plaintiff**
*ATEGRITY SPECIALTY INSURANCE COMPANY*
570 Lexington Avenue, 8th Floor
New York, New York 10022
(845) 422-9850
Laura.dowgin@kennedyslaw.com


**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of this Complaint for Declaratory Judgment and Exhibits will be served upon each Defendant by the Clerk.

*/s/Thomas B. Bruns*
Thomas B. Bruns (0051212)