IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff<br><br>vs.<br><br>FOX VALLEY CONSTRUCTION GROUP, INC., et al.,<br><br>        Defendants. | CASE NO. 3:24-CV-00470-JZ<br><br>JUDGE JACK ZOUHARY<br><br>**MOTION TO DISMISS OR IN THE ALTERNATIVE STAY OR TRANSFER THIS ACTION** |

  Defendant Fox Valley Construction Group Incorporated ("Fox Valley") respectfully moves this Court to dismiss, or in the alternative, stay or transfer, Plaintiff, Ategrity Specialty Insurance Company's ("Ategrity") lawsuit pending before this Court. Ategrity filed its complaint before this Court ("Ohio Case") approximately twenty-six (26) days after Defendant Fox Valley filed a nearly identical lawsuit before the Eighteenth Judicial Circuit Court of Dupage County, Illinois. The case filed by Fox Valley, was removed by Ategrity to the United States District Court for the Northern District of Illinois, Eastern Division on April 1, 2024, Case No. 1:24-CV-02589, ("Illinois Case"), where the case is presently pending. The issues presented, relief sought, and parties in the Illinois and Ohio Cases are the same. As a result, Ategrity's Ohio Case is ripe for dismissal, transfer, or stay pursuant to the first-filed doctrine.

  The claims asserted by Ategrity are best situated to be resolved before the United States District Court of Illinois as the claims at issue in the Illinois and Ohio Cases arose out of the making or performance of insurance policy agreements substantially connected to Illinois. The

1

insurance policy was delivered by Ategrity to its insured Fox Valley in Illinois. The claims involve the interpretation of Fox Valley's rights and remedies under those insurance policies it purchased in Illinois.

For these reasons, and those set forth in the Memorandum in Support incorporated herein and attached hereto, Fox Valley requests that this court dismiss, transfer, or stay the Ohio Case (Case Number: 3:24-cv-00470) pending the resolution of the Illinois Case (Case Number 1:24-cv-02589).

Respectfully submitted,

*/s/ Ashley G. LaRock*
Thomas L. Rosenberg (024898)
trosenberg@ralaw.com
Ashley G. LaRock (101034)
alarock@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, Ohio 43215
Telephone:  614.463.9770
Fax:  614.463.9792

*Attorneys for Defendant Fox Valley Construction Group, Inc.*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

On or about January 23, 2024, Fox Valley Construction Group Incorporated ("Fox Valley") requested that Ategrity Specialty Insurance Company ("Ategrity") (Fox Valley's insurance provider) defend and indemnify Fox Valley in response to a lawsuit initiated by Secor Village North, LLC ("SVN") and Dorr Street Plaza, LLC ("DSP") in state court located in Lucas County, Ohio ("Lucas County Case").[1] On February 5, 2024, Ategrity denied a defense and indemnity to Fox Valley and continues to refuse to defend Fox Valley in the Lucas County Case. Fox Valley asserts that it is entitled to coverage under the numerous policies issued by Ategrity to Fox Valley.

As a result, Fox Valley brought an action for declaratory judgment in Dupage County, Illinois (Case Number 2024MR000112)[2] against Ategrity on February 16, 2024, asking the Court to determine the rights and liabilities of the parties under the policies issued by Ategrity to Fox Valley. The case was removed from state court to federal court on April 1, 2024 (Case Number 1:24-cv-02589, hereinafter the "Illinois Case").[3]

Ategrity, approximately twenty-six days after Fox Valley filed its lawsuit, filed another lawsuit before this court (the "Ohio Case") (Case Number: 3:24-cv-00470), asking this Court to determine the rights and obligations under the same policies. Ategrity, Fox Valley, SVN, and DSP are all parties to both lawsuits and the relief sought in both cases is the same. The Ohio Case is duplicative and unnecessary because the Illinois Case will resolve the same exact issues that have

---

[1] The Amended Complaint filed in the Lucas County Case, Case No. G-4801-CI-0202301256-000, is attached hereto as Exhibit A.
[2] The Complaint filed in Dupage County, Case Number 2024MR000112, is attached hereto as Exhibit B.
[3] The Notice of Removal filed in the Northern District of Illinois, Eastern Division, Case Number 1:24-cv-02589, is attached hereto as Exhibit C.

3

been brought before this Court. As a result, there is a risk that any judgment in this Court may be inconsistent, leading to further dispute and ambiguity in the future.

### II. FACTS

#### A. The Underlying Claim in Lucas County, Ohio

SVN and DSP filed claims against Fox Valley in Lucas County on or about January 19, 2023, advancing, among other things, contract and tort claims against Fox Valley. The complaint was later amended on March 8, 2023. *See* Exhibit A. The Lucas County Case arises out of certain work that Fox Valley was solicited to perform on a portion of the exterior of two hotels near Toledo, Ohio. *Id.* at ¶¶ 9-10. The work included but was not limited to providing the labor to install manufactured stone veneer on the exterior of the two new hotels. *Id.* The work that Fox Valley was solicited to perform on the Projects about which SVN and DSP complain was in fact performed by two subcontractors.[4] Though Fox Valley disputes SVN and DSP's contentions in the Lucas County Case, SVN and DSP allege that damage occurred on or after the Projects to properties. *See generally* Exhibit A. Fox Valley asked Ategrity for a defense and indemnity in the Lucas County Case. The denial of this request is the subject of both declaratory judgment actions pending in the federal courts. *See* Exhibit B at ¶¶ 22-31.

#### B. The Illinois Case

On or about January 23, 2024, Fox Valley requested that Ategrity provide Fox Valley with a defense of the Ohio Case under multiple policies (the "Policies"). *Id.* at ¶¶ 8-13. In consideration of the payment by Fox Valley of the requisite premium, Ategrity issued certain insurance policies insuring Fox Valley under the following policy numbers:

---

[4] The Third-Party Complaint filed in the Lucas County Case is attached hereto as Exhibit D.

- 01-B-GL-P00000228-0, and covering the policy period from April 4, 2019 to April 4, 2020 (the "2019-2020 Policy")[5];

- 01-B-GL-P00000228-1 and covering the policy period from April 4, 2020 to April 4, 2021 (the "2020-2021 Policy");

- 01-B-GL-P00000228-2, covering the policy period from April 4, 2021 to April 4, 2022 (the "2021-2022 Policy");

- 01-B-GL-P00000228-3, covering the policy period from April 4, 2022 to April 4, 2023 (the "2022-2023 Policy"); and

- 01-B-GL-P00000228-4, covering the policy period from April 4, 2023 to April 4, 2024 (the "2023-2024 Policy").

All of the above policies were issued to Fox Valley at its place of business in Illinois.

On or about February 5, 2024, Ategrity issued a letter to Fox Valley in which Ategrity refused to provide Fox Valley with a defense and indemnity in the Lucas County Case and continues to deny Fox Valley's requests for the same. *Id.* at ¶ 22. As a result of the denial, Fox Valley initiated the Illinois Case, seeking declaratory judgment. *Id.* at ¶¶ 22-31. Fox Valley asserts that Ategrity has a duty to defend and indemnify it under the Policies and has breached that duty by denying Fox Valley's request for defense. As such, Fox Valley is seeking court intervention to adjudicate the rights and liabilities under the Policies. *Id.* The Illinois Case was filed in state court on February 16, 2024, then removed to federal court on April 1, 2024. *See* Exhibit C.

C. **The Ohio Case**

On March 13, 2024, Ategrity filed for declaratory judgment in this Court. *See* Compl. filed in this action on 03/13/24, Doc. No. 1 at Page ID 1. In its complaint, Ategrity references the same

---

[5] All of the Policies are attached the Illinois Case Complaint, attached hereto as Exhibit B.

underlying case in Lucas County. Doc. No. 1 at Page IDs 3-5. It then references Policy No. 01-B-GL-P00000228-0 to Fox Valley for the period April 4, 2019 to April 4, 2020, which is also at issue in the Illinois Case. *Id.* at Page ID 5. Ategrity goes on to discuss its denial of a defense to Fox Valley. *Id.* at Page IDs 7-8. Ategrity ultimately asks this Court to determine and declare whether Ategrity owes a duty to defend and indemnify Fox Valley under the Policy. *Id.* at Page IDs 8-11. This is the exact same question involving the exact same parties and policies that is pending in the Illinois Case.

### III. ANALYSIS

When there is overlapping litigation (the actions involve nearly identical parties and issues), but those cases are pending in two different district courts, the first-filed rule dictates that the lawsuit that was filed first should proceed to judgment. *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.,* 16 Fed.Appx. 433, 437 (6th Cir. 2001); *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 551 (6th Cir. 2007). Duplicative litigation should be avoided. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). The first-filed rule promotes judicial resource conservation, prevents piecemeal litigation, and mitigates the possibility of inconsistent judgments. *Zide Sport Shop,* 16 Fed.Appx. at 437; *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). In applying the first-filed rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake" and use their discretion when evaluating these factors. *Baatz*, 814 F.3d at 789. Here, all three factors weigh in favor of dismissing the Ohio Case, in the alternative staying the Ohio Case pending the resolution of the Illinois Case or transferring the Ohio Case to Illinois.

First, it is undisputed that the Illinois Case was filed first. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 476 (6th Cir. 2019) ("In examining the chronology of events, the appropriate dates to consider are when the relevant complaints are filed.") (internal quotations and citations omitted); *see Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 534 F. Supp. 2d 754, 756 (E.D. Mich. 2008) (finding that "the date the removed action was filed in state court is the controlling date to determine which of two actions has priority."); *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 660 (N.D. Ohio 2019) (finding that a case filed on May 17, 2019 was filed before a case filed in May 24, 2019). The Illinois Case was filed on February 16, 2024. The Ohio Case was filed on March 13, 2024, which is approximately twenty-six days after the Illinois Case was filed. This makes the analysis under factor one simple, as the primary question to resolve is "which case was filed first." *Baatz*, 814 F.3d at 790.

Second, the parties to each case are the same. Under the similarity-of-the-parties factor, the parties in the competing lawsuits do not need to be identical, rather, "the first-to-file rule applies when the parties in the two actions substantially overlap." *Heyman*, 781 F. App'x at 476 (internal quotations omitted); *J.M. Smucker Co.*, 420 F. Supp. 3d at 660 (finding that when the parties are the same in both cases, this favors application of the first filed rule, allowing the first-filed case to proceed). The exact same entities are in both the Illinois Case and the Ohio Case: Ategrity, Fox Valley, SVN, and DSP. This factor weighs in favor of dismissing, staying, or transferring the Ohio Case.

In evaluating the third factor, the issues do not need to be identical, but substantially overlap such that "a determination in one action leaves little or nothing to be determined in the other." *Heyman*, 781 F. App'x at 477; *J.M. Smucker Co.*, 420 F. Supp. 3d at 660 (finding that where the underlying question to be answered is the same in both cases, the application of the first-filed rule

7

is favored). The issues presented in each case are the same. If the Illinois Case is resolved, and the court decides whether the Policies require Ategrity to defend and indemnify Fox Valley, there will be nothing left for this Court to decide. All three factors weigh in favor of dismissing transferring, or staying the Ohio Case and there are no equitable exceptions that would cause this Court to deviate from the normal and ordinary application of the first-filed rule. *Baatz*, 814 F.3d at 792 (allowing the district court to deviate from the general rule only if there are "extraordinary circumstances, inequitable conduct, bad faith, or forum shopping."). In the Illinois Case, an Illinois corporation located in Illinois brought an action against its insurer, a Delaware corporation in the state in which the policy was issued. The Illinois corporation, Fox Valley, with its principal place of business in Illinois brought an action to determine its rights and remedies against a Delaware corporation under several insurance policies the insured purchased in the state to which those policies were delivered, Illinois. This is proper and supports the Illinois litigation proceeding to judgment.

## IV. CONCLUSION

For the foregoing reasons, Fox Valley requests that this court dismiss, transfer, or stay the Ohio Case (Case Number Case: 3:24-cv-00470) pending the resolution of the Illinois Case (Case Number 1:24-cv-02589).

Respectfully submitted,

*/s/ Ashley G. LaRock*
Thomas L. Rosenberg (024898)
trosenberg@ralaw.com
Ashley G. LaRock (101034)
alarock@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, Ohio 43215
Telephone: 614.463.9770
Fax: 614.463.9792

*Attorneys for Defendant Fox Valley Construction Group, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on May 17, 2024, via the Court's electronic filing system and by email to counsel of record identified below.

Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong
Ste. 330
4555 Lake Forest Drive
Cincinnati, Ohio 45242
tbruns@bcvalaw.com

Laura B. Dowgin
Kennedys Law LLP
570 Lexington Avenue, 8th Floor
New York, New York 10022
laura.dowgin@kennedyslaw.com

*Attorneys for Ategrity Specialty Insurance Company*

Norman A Abood
Law Office of Norman A. Abood
Ste. 101
136 North Huron Street
Toledo, Ohio 43604
norman@nabood.com

*Attorney for Secor Village North LLC and Dorr Street Plaza, LLC*

*/s/ Ashley G. LaRock*
Ashley G. LaRock (101034)

9