IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ategrity Specialty Insurance Company,　　　　Case No. 3:24 CV 470

　　　　　　　Plaintiff,　　　　　　　　　　ORDER STAYING CASE

　　　　　　　-vs-　　　　　　　　　　　　JUDGE JACK ZOUHARY

Fox Valley Construction Group, Inc., et al.,

　　　　　　　Defendants.

### INTRODUCTION

In 2018, Defendants Secor Village North ("Secor") and Dorr Street Plaza ("Dorr") hired Defendant Fox Valley Construction Group ("Fox Valley") to install stone veneers on two hotels in Toledo (Doc. 1-1 at 3). Unhappy with the project's outcome, Secor and Dorr sued Fox Valley in Lucas County state court in January 2023 (Doc. 1 at 3).

The following January, Fox Valley requested Plaintiff Ategrity Specialty Insurance Company ("Ategrity") defend it in that state-court case (Doc. 17 at 3). When Ategrity declined in February, Fox Valley promptly filed for declaratory judgment in Illinois state court (*id.*). In March, Ategrity filed for declaratory judgment in this Court and, the following month, removed the Illinois case to federal court (*id.*).

Fox Valley now moves to dismiss, stay, or transfer this case to the Northern District of Illinois based on the first-to-file rule (*id.* at 8). Secor and Dorr join in the Motion (Doc. 18); Ategrity opposes (Doc. 19).

## DISCUSSION

**Does the rule apply?**

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citation omitted). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio v. Ed Tobergte Assoc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citation omitted). "[C]ourts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). All three factors weigh in Fox Valley's favor; Ategrity does not argue otherwise.

Ategrity instead asserts "the first-to-file rule does not apply to declaratory judgment actions at all" (Doc. 19 at 5). As outlined below, that's incorrect. Even so, the Sixth Circuit has recognized that the rule "much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004). "That is, when a putative defendant files a declaratory judgment action to stave off an unfavorable forum, courts will jettison the first-to-file rule in favor of the second-filed, coercive action." *NanoLogix, Inc. v. Novak*, 2013 WL 6443376, at *2 (N.D. Ohio 2013). "To do otherwise would deify the first-to-file rule, encouraging bad faith, anticipatory suits, defendant forum shopping, and 'procedural fencing,' the first-to-file rule's boon companions." *Id.* (quoting *AmSouth Bank*, 386 F.3d at 791 n.8).

2

**Who makes the call?**

Fox Valley argues the Illinois district court should decide what happens next. In *Estate of Popovich v. Elliott*, the estate of singer Meat Loaf hired a law firm to battle Sony over royalties. 2014 WL 4852275 (N.D. Ohio 2014). Afterwards, the estate asked the probate court for permission to sue the firm in the Northern District of Ohio. *Id.* at *1. When the firm caught wind, it raced to the courthouse in the Southern District of Ohio and filed for a declaratory judgment against the estate. *Id.* The estate then filed suit in the Northern District of Ohio, and the law firm moved to transfer or stay this second-filed case. The court denied the motion to transfer, but granted the motion to stay: "[T]he question of which of two pending cases should proceed is more properly resolved by the court presiding over the first-filed case." *Id.* at *3. "This approach makes sense because it provides an easy to follow rule and discourages derivative forum shopping." *Id.*

*Popovich* relied on three district-court cases in adopting this approach. First, *Daimler–Chrysler Corp. v. General Motors Corp.* held that, although the first-to-file rule may not apply in declaratory-judgment situations, the first-filed case should make that call: "I am firmly persuaded that the most appropriate approach is for the court where a complaint is first filed to determine which case should go forward." 133 F. Supp. 2d 1041, 1042 (N.D. Ohio 2001). "This approach is supported by a body of case law that directs the court which first obtained jurisdiction to determine whether it should retain the case or let it proceed in the court of second filing." *Id.*

Second, *Espey & Assocs. v. Principal Manufacturing* echoed the *Daimler–Chrysler* reasoning:

> The *Daimler–Chrysler* court identified several reasons why the first-filed-suit court should determine the applicability of the first-to-file rule: (1) the rule "establishes a bright line" that is "easy to apply [and] understand"; (2) the rule avoids "derivative forum shopping" (a party submitting briefs on the first-to-file rule in the court most favorable to the party's desired outcome on the first-to-file rule); and (3) the rule furthers judicial comity.

3

2009 WL 112781, at *3 (N.D. Ohio 2009) (quoting *id.* at 1044).

Third, *NanoLogix* found the first-to-file rule applied, but proceeded with the second-filed case anyway for practical reasons: "The California action and this action are both subjects of motions to dismiss, and each motion has been pending for multiple months, stalling discovery. Further, while the parties dispute California's jurisdiction over [plaintiff], they have not argued that this Court lacks jurisdiction over any necessary party." 2013 WL 6443376, at *4. And regardless of whether the case ended up in Ohio or California, the parties needed to start discovery: "Normally, the Court would, pursuant to the first-to-file rule and in accordance with other district courts in the Northern District of Ohio, stay proceedings pending the California court's resolution of the motion to dismiss. Under the circumstances, however, fairness and efficiency counsel otherwise." *Id.* at *3.

Ategrity objects to these cases cited in Fox Valley's Supplemental Authorities and argues that "this Court is more than empowered to and capable of making its own determination on these issues" (Doc. 23 at 2). However, none of the cases Ategrity cites involve a second-filed court determining whether the first-to-file rule applies. For instance, in *Hirschvogel Inc. v. Allison Transmission*, plaintiff lost the initial race to the courthouse, but urged the second-filed court to proceed. 2017 WL 7513240, at *2 (S.D. Ohio 2017). The court agreed that the first-to-file rule might not apply, but held that the first-filed court should decide:

> [T]he Indiana Action is the first-filed case. However, the Indiana court may well transfer the case because of the exception to the first-filed rule for just this type of case: a race to the courthouse. "Why wait for that inevitable ruling?," [plaintiff] argues. [Defendant] responds, arguing that mirror-image briefing on the jurisdiction and venue issues would take place in this case if this case were not stayed. This would duplicate the efforts of the parties and the courts, as well as put dueling motions in front of both district courts.

4

**What to do?**

As this Court sees it, there are four options: "(1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption." *NanoLogix*, 2013 WL 6443376, at *2.

Option one is a nonstarter. In *Certified Restoration*, the Sixth Circuit "suggest[ed] that a second-filed-suit court should not dismiss an action based on comity principles if action in the second-filed-suit court would present an exception to the first-to-file rule." *Espey*, 2009 WL 112781, at *3. And "dismissal is a disfavored solution when a transfer or a stay of the second-filed suit is available." *NanoLogix*, 2013 WL 6443376, at *2.

Option two may be viable. But Ategrity has filed a motion, which is now decisional, requesting the Illinois court transfer the first-filed case to this Court. And it is possible that the Illinois court will transfer the case because the Seventh Circuit has declined to adopt a strict first-to-file rule. *See Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l*, 626 F.3d 973, 982 (7th Cir. 2010) ("Where a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a [§] 1404(a) calculation."). *See also Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) ("Where, as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, *even if filed four days later*.") (emphasis added).

Option four, proceed without interruption, "is chosen when the district court has determined that the first-to-file rule, either by its own terms or by a quirk of equity, does not apply." *NanoLogix*, 2013 WL 6443376, at *3. *NanoLogix* forged ahead because the "overlong conflict" involved motions to dismiss in both the first- and second-filed cases that had been "pending for multiple

months, stalling discovery." *Id.* at *4. However, the court advised that if the first-filed court eventually opted to proceed, it would "then either transfer or dismiss the case pursuant to the first-to-file rule." *Id.* This case is different, and carrying on would violate the principles of judicial efficiency.

This leaves option three -- stay the case pending the outcome of the transfer motion in the first-filed case. Most Ohio district courts favor this approach. *See id.* at *3 (collecting cases). This Court does as well.

One last point. Ategrity correctly argues Fox Valley's Supplemental Authorities (Doc. 22) violate this Court's "no replies" policy, and further that Fox Valley previously never argued this Court should defer to the Illinois district court (Doc. 23 at 1). However, all the initial briefs failed to answer the question: "who decides?" This threshold question must be answered, and this Court now does so.

## Conclusion

Ategrity may be correct that the first-filed case should give way to this one because this forum better fits the dispute. That decision, however, is one for the Illinois court to make. The request to stay (Doc. 17) is granted, awaiting the outcome of the pending transfer motion in Illinois.

IT IS SO ORDERED.

            s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

            June 24, 2024